**ST. LUKE'S HEALTH SYSTEM, LTD.; St. Luke's Regional Medical Center, Ltd., Plaintiffs-Appellees,**

v.

**ALLIED WORLD NATIONAL ASSURANCE COMPANY; Allied World Specialty Insurance Company, Defendants-Appellants.**

No. 15-35767

United States Court of Appeals, Ninth Circuit.

Submitted August 28, 2017 *

Seattle, Washington

Filed August 30, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Kate E. Middleton, Attorney, Ernest Summers, III, Attorney, Faegre Baker Daniels LLP, Chicago, IL, James Walter Sinclair, Attorney, Holland & Hart LLP, Boise, ID, for Plaintiffs-Appellees

Samantha Goldstein, Esquire, Jonathan Hacker, O'Melveny & Myers LLP, Washington, DC, David W. Knotts, Esquire,

*See* Fed. R. App. P. 34(a)(2).

Attorney, Carey Perkins LLP, Boise, ID, for Defendants-Appellants

Before: HAWKINS and McKEOWN, Circuit Judges, and ROTHSTEIN,** District Judge.

MEMORANDUM ***

Allied World National Assurance Company and Allied World Specialty Insurance Company (collectively, "Allied World") appeal the district court's grant of judgment on the pleadings in favor of St. Luke's Health Systems, Ltd., and St. Luke's Regional Medical Center, Ltd. (collectively, "St. Luke's"). We review de novo. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In a previous appeal, we upheld the district court's determination that St. Luke's anti-competitive merger with another regional health care provider violated § 7 of the Clayton Act. *Saint Alphonsus Med. Ctr.-Nampa Inc. v. St. Luke's Health Sys., Ltd.*, 778 F.3d 775, 788, 792 (9th Cir. 2015). The sole question here is whether the insurance contract between St. Luke's and Allied World indemnifies St. Luke's for the attorneys' fees incurred in defense of that suit.

Under the plain terms of the contract, attorneys' fees are covered. The contract covers "Loss arising from a Claim ... against [St. Luke's] for Antitrust Activities." "Antitrust Activities" is defined as including "a violation of ... the Clayton Act." Allied World does not dispute that "Loss" covers attorneys' fees.

Allied World's contention that the contract doesn't cover instances in which the insured loses its antitrust suit hinges on

the notion that a finding that a merger is anti-competitive under § 7 of the Clayton Act is equivalent to the insured having "gain[ed] ... financial advantage" under Exclusion A of the contract. *See Saint Alphonsus*, 778 F.3d at 783. But under Idaho law, insurance contracts are to be construed strictly against the insurer and insurance exclusions in favor of the insured. *See Moss v. Mid-Am. Fire & Marine Ins. Co.*, 103 Idaho 298, 647 P.2d 754, 756 (1982). "The burden is on the insurer to use clear and precise language if it wishes to restrict the scope of coverage and exclusions not stated with specificity will not be presumed or inferred." *See Clark v. Prudential Prop. & Cas. Ins. Co.*, 138 Idaho 538, 66 P.3d 242, 245 (2003).

**AFFIRMED.**

** The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.